JOSIAH SEAGRAVE, JR. *vs*. AARON ERICKSON & another.
BAILEY W. EVANS & another *vs*. THE SAME.

Filing an answer to the merits under *St*. 1851, *c*. 233, § 20, [*St*. 1852, *c*. 312, § 12,] before filing any answer in abatement or motion to dismiss, is a waiver of all matters of abatement not affecting the jurisdiction mentioned in § 32.

An indorsement "From the office of" the attorney who brought the action, is a sufficient indorsement of a writ under Rev. Sts. *c*. 90, § 10.

THESE were two actions of replevin, in both of which, a motion to dismiss was filed for the same cause.   The whole case appears in the opinion, which was delivered at the November term, 1852.

*F. L. Washburn*, for the defendants.

*W. Dehon*, for the plaintiffs.

SHAW, C. J.   These are actions of replevin for goods, brought whilst the *St*. 1851, *c*. 233, was in force, and must be governed by it.   The defendants in replevin appeared and filed an answer to the merits on the 12th November, and afterwards, on the 17th, made a motion to dismiss the action, upon several grounds, namely : 1. That the appraisers appointed to appraise the value of the property replevied, in order to regulate the amount of the replevin bond, were not legally appointed; being all three, as appears by his return, appointed by the officer.   2. That the certificate of the appraisers did not legally state the value; such value being

8*

stated not in the body of the certificate, but in a schedule annexed.   3. That inasmuch as the plaintiffs resided out of the commonwealth, the writ was not legally indorsed, the indorsement being " from the office of William Dehon," which indorsement was made in Mr. Dehon's handwriting, he being the attorney of the plaintiff.

These objections all affect the regularity and legality of the proceedings, by which the defendant was brought into court, and are, therefore, matters properly in abatement.   By the *St.* 1851, *c.* 233, § 32, [*St.* 1852, *c.* 312, § 22,] it is provided, that when the defendant has appeared and answered to the merits of the action, no defect in the writ or other process, by which he has been brought before the court, or in the service thereof, shall be deemed to affect the jurisdiction.   But by section 37, any defence which could be made by plea, may be made by a special answer, setting forth the facts.   When an answer in abatement is overruled on demurrer, the defendant shall answer over; but in no case shall a defendant be allowed to amend an answer in abatement.

The court are of opinion that this is a sufficient answer to all the objections, on which the motion to dismiss is founded. The statute, whilst it intended to give to the defendant his legal right to insist on matters of abatement, manifestly intended to hold him to great strictness.   But by all the recent authorities, independently of the *St.* 1851, and upon sound principle, it has been held, that upon a motion to dismiss, as well as upon a plea in abatement, the defendant is held to have waived all exceptions to any irregularity of the process, by delay, and especially by pleading to the merits of the action, except matter which goes to the jurisdiction; and by the provision above cited, these objections are declared not to affect the jurisdiction.   It will be sufficient to cite one of the most recent of a large class of cases.   *Joyner* v. *Third School District in Egremont,* 3 Cush. 574.

In regard to the sufficiency of the indorsement, it may be proper to add, that such indorsement has been held sufficient in a case not in the reports when this case was argued.   *Slate*
*Ackley,* 8 Cush. 98.                    *Motion overruled.*